**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LABARRION HARRIS, | : | CIVIL ACTION NO. |
| GDC ID # 1000689140, Case # 747289, | : | 1:17-CV-02553-ODE-JCF |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| TOM GRAMIAK, | : | HABEAS CORPUS |
|     Respondent. | : | 28 U.S.C. § 2254 |

**MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION**

Petitioner, a Georgia prisoner, challenges via a 28 U.S.C. § 2254 habeas corpus petition his November 2011 convictions in the Superior Court of Cobb County upon the entry of his plea of guilty to armed robbery, aggravated assault, aggravated battery and possession of a firearm during the commission of a crime. (Doc. 1; *see* Doc. 11-1). **IT IS RECOMMENDED** that Respondent's Motion To Dismiss Petition As Untimely (Doc. 11) be **GRANTED**.

## I.    Procedural History

Petitioner entered his guilty plea on November 3, 2011. (Doc. 1 at 2; *see* Doc. 12-2). There is no record that he filed a direct appeal. (*See* Doc. 11-1 at 2). On June 25, 2013, Petitioner filed a De Novo Out Of Time Appeal and a Motion To Reduce/Modify Sentence. (Docs. 12-4, 12-5). On July 10, 2013, the trial court denied

each motion. (Docs. 12-6, 12-7). On September 22, 2014, in an unpublished opinion, the Court of Appeals of Georgia denied Petitioner's appeal from the denial of these motions. (Doc. 12-8). Petitioner next filed a Motion To Vacate Void Sentence on March 17, 2017 (Doc. 12-9), which the trial court denied on March 21, 2017 (Doc. 1 at 3).

Petitioner then executed and filed his federal habeas petition on June 23, 2017. (Doc. 1 at 14). He raises four claims: (1) the criminal statutes contained in the Official Code of Georgia Annotated, under which he was convicted, "have no jurisdiction over [him] because they are unconstitutional and void ab initio" due to the defective manner in which they were codified, i.e., by delegation in 1978 to the Code Revision Commission and the Michie Company from the Georgia General Assembly, the exclusive repository of the legislative power of the state; (2) for this reason, and also because of retroactive changes in the codified definitions of armed robbery and aggravated assult, he is in custody in violation of the federal and state constitutions; (3) the judgment against him is void because the Georgia criminal statutes under which he was convicted are void; (4) he has been deprived of life and liberty in violation of the Georgia constitution and the Fifth Amendment of the United States Constitution. (Doc. 1 at 6 *et seq.*). With respect to the timeliness of his federal habeas petition,

2

Petitioner states that jurisdiction can be challenged at any time and that 28 U.S.C. § 2244(d) "does not bar [his] petition because [he] had to put [him]self through law school with no teacher and no help." (*Id.* at 12).

Respondent moves to dismiss the petition as time-barred. (Doc. 11). Petitioner responds that "the factual predicate of the claims presented took [him] many years to discover through [the] exercise of due diligence." (Doc. 13 at 2).

## II.  **Petitioner's Federal Habeas Petition Is Time-Barred.**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that an application for federal habeas review of a state court judgment of conviction be filed within one year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

3

diligence.

28 U.S.C. § 2244(d)(1).

If the record does not suggest otherwise, and here it does not, the limitations period for a federal habeas petition is triggered by the finality of the judgment of conviction at issue, i.e., "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not file a direct appeal within the thirty-day time limit for doing so, *see* O.C.G.A. § 5-6-38(a) (allowing thirty days to appeal a judgment of conviction in Georgia), his convictions became final under 28 U.S.C. § 2244(d)(1)(A) on December 5, 2011, the first business day after the thirty-day period expired for Petitioner to file a direct appeal following the entry of his judgment of conviction on November 4, 2011. *See Cantu v. Florida*, No. 2:13-cv-400-FtM-29MRM, 2016 U.S. Dist. LEXIS 64645, at *5-6 (M.D. Fla. May 17, 2016) (citing *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002), involving a Georgia prisoner, to the effect that "where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became 'final' for purposes of § 2244 on the date his 30-day right to appeal expired").

Petitioner argues that the start of the limitations period should be delayed

4

because he required "many years" to discover the factual predicate for his claims. (Doc. 13 at 2). But his claims are not based on a newly discovered factual predicate, but rather on Petitioner's idiosyncratic legal analysis of the Georgia statutory scheme. Nothing about this statutory scheme involves a fact affecting Petitioner's guilt or innocence, and thus he may not rely on the date he discovered this alleged factual predicate to trigger the limitations period for his claims. Nor does he provide any evidence that he pursued the information about the codification of the Georgia criminal statutes with any diligence, for he first raised a claim based on this information in his Motion To Vacate Void Sentence (Doc. 12-9), which he filed more than five years after the entry of his guilty plea. *See Esry v. Escapule*, CV-13-2028-PHX-SRB, 2014 U.S. Dist. LEXIS 93345, at \*15-16 (D. Ariz. May 28) ("Petitioner's discovery of [] information [about Arizona legal procedures] was not the discovery of a 'factual predicate' but his discovery of a legal principle of Arizona law."), *adopted by* 2014 U.S. Dist. LEXIS 92417 (D. Ariz. July 7, 2014); *see id.* at 16 ("Moreover, the commencement [of the limitations period] is not delayed until actual discovery, but only until the date on which it could have been discovered through the exercise of due diligence. Even if it were presumed that an adverse ruling of the Arizona Supreme Court was necessary to alert Petitioner to those legal principles, Petitioner proffers

5

nothing to suggest that he was diligent in pursuing such a ruling." (citation and internal quotations omitted)).

### A.  **Statutory Tolling**

Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period in this case ran untolled for 365 days after Petitioner's judgment of conviction became final on December 5, 2011 and expired on December 5, 2012 — more than six months before Petitioner filed his motion for out-of-time appeal on June 25, 2013. Because Petitioner did not file an application for state post-conviction or other collateral review with respect to his judgment of conviction during the one-year federal limitations period, statutory tolling does not apply here.[1] *See George v. Sec'y Dep't of Corr.*, 438 Fed. Appx. 751, 753 n.5 (11th Cir. 2011) (noting "that § 2244(d)(2) does not provide for

---

[1]Had Petitioner received leave to file an out-of-time appeal, the appeal process would have reset the limitations period, *see Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009), but because he did not, his motion for out-of-time appeal had no effect. *See Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1142 (11th Cir. 2015) ("When the state appellate court denied Espinosa's petition for belated appeal, it never considered the merits of his underlying claims. Espinosa's petition for belated appeal never triggered a reexamination of his conviction or sentence and, as a result, failed to toll the federal limitation period. Espinosa's federal habeas petition was untimely.").

6

statutory tolling [when] the one-year limitations period provided by AEDPA ha[s] already expired [before a petitioner files] his state post-conviction motion"; and citing *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), for its "holding that a properly filed application for state post-conviction relief does not provide statutory tolling of [the] AEDPA limitations period where the motion for state post-conviction relief was not filed until after § 2244(d)'s one-year limitation period had expired"). Thus, to obtain merits review of his otherwise untimely federal habeas claims, Petitioner must establish either that equitable tolling is warranted or that he is actually innocent of his crimes of conviction. He has done neither.

### B. Equitable Tolling

The Supreme Court of the United States has held that the AEDPA limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Court noted, however, "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 649, 653 (citation and internal quotations omitted); *see Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)

7

("[E]quitable tolling is an extraordinary remedy, [and] it is limited to rare and exceptional circumstances and typically applied sparingly. Thus, . . . [it] is available only when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (citation and internal quotations omitted)). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. "To establish diligence, . . . [he] must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.*; *see Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("Conclusory allegations are simply not enough to warrant a hearing.").

Petitioner suggests a possible basis for equitable tolling — that he was required to put himself through "law school" and thus should be given more time to file his federal habeas claims. (Doc. 1 at 12). But ignorance of the law — or rather, here, a lack of awareness of a fantastical interpretation of the law — does not justify equitable tolling. *See Holmes v. Florida*, 17-22609-Civ-MARTINEZ, 2017 U.S. Dist. LEXIS

115100, at *18 (S.D. Fla. July 21) ("The Eleventh Circuit has further held that a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file [a habeas corpus petition] in a timely fashion does not warrant equitable tolling of the limitations period."), *adopted by* 2017 U.S. Dist. LEXIS 141296 (S.D. Fla. Aug. 29, 2017).

### C. **Actual Innocence**

Finally, even if the limitations period has expired, "actual innocence, if proved, serves as a gateway through which a petitioner may pass," although "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1936 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "To be credible," a "claim that constitutional error has caused the conviction of an innocent person" must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. To prevail on such a claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at

9

327; *see Kuenzel v. Comm'r, Ala. Dep't of Corr.*, 690 F.3d 1311, 1314-15, 1318 (11th Cir. 2012) (discussing "*Schlup* gateway" to consideration of procedurally barred claims, which the Supreme Court created to prevent the conviction of a defendant who is actually innocent).

Petitioner has offered no new reliable evidence of his actual innocence. His federal habeas petition, due no later than December 5, 2012, but filed on June 23, 2017, is untimely by more than four years and six months.

### III. Certificate of Appealability

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of*

*Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Furthermore,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted). Because jurists of reason would not find it debatable, and would agree, that Petitioner's federal habeas petition is untimely, and that neither statutory nor equitable tolling nor Petitioner's actual innocence allows review of the merits of his federal habeas claims, a certificate of appealability is not warranted here.

## IV. <u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's Motion To Dismiss Petition As Untimely (Doc. 11) be **GRANTED**; that Petitioner's habeas corpus petition (Doc. 1) be **DISMISSED as time-barred**; and that Petitioner be **DENIED** a certificate of appealability.

Petitioner's motion (Doc. 14) to substitute his current warden, James Deal, for Respondent Gramiak is **GRANTED**. The Clerk is **DIRECTED** to change the style

11

of this case accordingly and is further **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED and RECOMMENDED** this 22nd day of September, 2017.

/s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

AO 72A
(Rev.8/82)