FILED IN CHAMBERS
U.S.D.C. - Atlanta

OCT 1 9 2017

James N. Hatten, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| LABARRION HARRIS,<br>GDC ID # 1000689140, Case # 747289,<br>    Petitioner,<br><br>v.<br><br>JAMES DEAL,<br>    Respondent. | : CIVIL ACTION NO.<br>: 1:17-CV-02553-ODE<br>:<br>:<br>:<br>:<br>:<br>:<br>: HABEAS CORPUS<br>: 28 U.S.C. § 2254 |

## ORDER

This action is before the Court on the Order and Final Report and Recommendation of Magistrate Judge J. Clay Fuller ("R&R") (Doc. 15), recommending that Respondent's motion (Doc. 11) to dismiss Petitioner's habeas corpus petition as time-barred be granted. Petitioner objects. (Doc. 18 ("Objs.")). He also has filed Amendments to Objections (Doc. 19) and a Demand for Jury Trial (Doc. 20).

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need

not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Petitioner objects and has reviewed the remainder of the R&R for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The R&R provides the following procedural history, to which Petitioner does not object:

> Petitioner entered his guilty plea on November 3, 2011. There is no record that he filed a direct appeal. On June 25, 2013, Petitioner filed a De Novo Out Of Time Appeal and a Motion To Reduce/Modify Sentence. On July 10, 2013, the trial court denied each motion. On September 22, 2014, in an unpublished opinion, the Court of Appeals of Georgia denied Petitioner's appeal from the denial of these motions. Petitioner next filed a Motion To Vacate Void Sentence on March 17,

2

2017, which the trial court denied on March 21, 2017. Petitioner then executed and filed his federal habeas petition on June 23, 2017.

(R&R at 1-2 (citations omitted) (formatting altered)). Petitioner's federal habeas claims are based on the rather novel proposition that none of Georgia's criminal statutes pass constitutional muster. (*Id.* at 2).

The R&R rejects Petitioner's argument that the start of the limitations period should be delayed during the "many years" he needed to discover the factual predicate for his claims, because "his claims are not based on a newly discovered factual predicate, but rather on Petitioner's idiosyncratic legal analysis of the Georgia statutory scheme. Nothing about this statutory scheme involves a fact affecting Petitioner's guilt or innocence, and thus he may not rely on the date he discovered this alleged factual predicate to trigger the limitations period for his claims." (*Id.* at 4-5). The R&R concludes, therefore, that Petitioner missed the one-year cutoff of December 5, 2012 for filing either a tolling state application for post-conviction relief or a federal habeas petition, and thus statutory tolling does not apply here. (*Id.* at 6-7). The R&R also concludes that equitable tolling is not available to Petitioner based on his alleged ignorance of the law and that Petitioner may not rely on his actual innocence to overcome the time bar because he has not

3

offered new reliable evidence of his innocence. (*Id.* at 7-10). Thus, his "federal

habeas petition, due no later than December 5, 2012, but filed on June 23, 2017, is

untimely by more than four years and six months." (*Id.* at 10).

Petitioner objects that the state trial court lacked jurisdiction over his alleged

crimes because they are based on unconstitutional Georgia criminal statutes, and that

"jurisdiction can be challenged at any time." (Objs. at 2-3). But a federal district

court may not address the merits of any claim raised in a time-barred federal habeas

petition, including a claim challenging the jurisdiction of the state criminal court.

*See Walker v. Alabama*, 2:14cv982-WKW, 2015 U.S. Dist. LEXIS 59932, at *8 n.5

(M.D. Ala. Apr. 2) ("Walker is incorrect in arguing that the federal limitation period

does not apply to his § 2254 petition because he presents what he says is a

'jurisdictional' claim . . . . There is no exception to the limitation period in 28 U.S.C.

§ 2244(d) for such claims seeking to impugn the jurisdiction of the state trial

court."), *adopted by* 2015 U.S. Dist. LEXIS 59629 (M.D. Ala. May 7, 2015).

Petitioner also objects that there is no controversy established by Respondent's

motion to dismiss, presenting arguments that are appropriate when offered by a

defendant in a civil action, not by a petitioner in a habeas action. (Objs. at 1-2, 4,

13). This objection is thus puzzling and ultimately irrelevant. The timeliness of

4

Petitioner's federal habeas petition is the sole matter at issue here, and Respondent had every right to raise it.

Petitioner next objects that his petition must be considered on the merits because the writ of habeas corpus cannot be suspended except during rebellion or invasion (*see* Objs. at 5-6), but it is well-settled that the dismissal of a federal habeas petition as time-barred does not violate the Suspension Clause of the United States Constitution. *See Collazo v. United States*, 190 F. App'x 759, 761 n.5 (11th Cir. 2006) ("We have previously held that neither the one-year limitations period for filing an initial habeas corpus petition nor [the] restrictions on successive petitions amounts to suspension of the writ." (citing *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000))).

Finally, Petitioner objects to the R&R's conclusions regarding the starting date for the limitations period, the availability of statutory and equitable tolling and his right to invoke the actual innocence exception to the habeas time-bar — all based on the state trial court's alleged lack of jurisdiction to convict and sentence him. (Objs. at 6-12). These objections are frivolous because Petitioner's jurisdictional claims are frivolous, nor do they warrant statutory or equitable tolling or the application of the actual innocence exception. *See, e.g., Walker v. Alabama*, 2:14-CV-982-WKW,

5

2015 U.S. Dist. LEXIS 72093, at *3 (M.D. Ala. June 4, 2015) ("A claim of actual innocence is separate and apart from challenges grounded upon legal or procedural insufficiencies. Because the present motion is grounded entirely upon Mr. Walker's challenge to the state-court's jurisdiction, his arguments regarding actual innocence remain without merit and the federal time-bar applies to the present petition." (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."))).

In his Amendments, Petitioner argues that under FED. R. CIV. P. 60(b)(4) there is no time bar for a federal habeas petition that challenges a void judgment, and therefore his habeas petition cannot be dismissed as untimely. (Doc. 19). This argument fails. Petitioner misconstrues this Court's jurisdiction, which does not extend to correcting state court judgments, void or otherwise, under Rule 60(b). Petitioner may only prevail in overturning his criminal convictions by filing a *timely* federal habeas petition that includes a meritorious claim, and Petitioner has failed on both counts.

6

AO 72A
(Rev.8/82)

## CONCLUSION

Petitioner's Objections, as amended (Docs. 18, 19), are therefore **OVERRULED**. Finding no error, plain or otherwise, in the remainder of the Report, the Court **ADOPTS** the Magistrate Judge's Order and Final Report and Recommendation (Doc. 15) as the Opinion and Order of the Court; **GRANTS** Respondent's Motion to Dismiss Petition as Time-Barred (Doc. 11); **DISMISSES** Petitioner's federal habeas petition (Doc. 1) as untimely; **DENIES** Petitioner a certificate of appealability; and **DENIES** his Demand for Jury Trial (Doc. 20).

**IT IS SO ORDERED** this _18_ day of October, 2017.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)